IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 8 2016

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | | |
|---|---|---|
| SATISHHAI PATEL, D/B/A CARAVAN INN LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:15-CV-944-A |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by
plaintiff, Satishhai Patel d/b/a Caravan Inn LLC, and the
response of defendants, Acceptance Indemnity Insurance Company
("Acceptance") and Charles Payne ("Payne"). Having considered
plaintiff's motion, defendants' response, plaintiff's reply, the
record, and applicable authorities, the court concludes that such
motion should be denied.

I.

Background

Plaintiff initiated this action on November 12, 2015, by
filing an original petition in the District Court of Erath
County, Texas, 266th Judicial District. This action arises from a
dispute over insurance coverage of a property damaged during a
storm. The basis of plaintiff's claims is that Acceptance has not

fully paid on the insurance contract covering the property. Plaintiff alleges various causes of action which are specifically asserted against Acceptance only. The only claims asserted against Payne are claims under the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA").

Acceptance removed the action to this court alleging that this court has subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332, and amount in controversy in excess of the sum or value of $75,000, exclusive of interest and costs. Acceptance contends that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant. Plaintiff filed this motion to remand arguing that Payne is properly joined .

II.

Rules for the Improper Joinder Analysis

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because Acceptance has not alleged

2

actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against Payne.

### III.

### Analysis

A.   Complete Diversity Exists

The determination of whether there is complete diversity depends on the merit of Acceptance's contention that Payne was improperly joined as a defendant.

3

B.   The Pleading Standard to be Used in the Rule 12(b)(6)-
     Type Analysis

     The Fifth Circuit has held that federal courts should use

the state court pleading standard when conducting the Rule

12(b)(6)-type analysis of an improper joinder claim in a motion

to remand to determine if the plaintiff has stated a claim

against a non-diverse defendant. Int'l Energy Ventures Mgmt.,

L.L.C. v. United Energy Grp., Ltd., 800 F.3d 143, 148-49 (5th

Cir. 2015). Decisions of Texas appellate courts suggest that by

reason of a recent amendment to the Texas Rules of Civil

Procedure the issue of federal pleading standard versus state

pleading standard now is somewhat moot.

     In September 2011, the Texas legislature amended

section 22.004 of the Texas Government Code to add a requirement

that the Texas Supreme Court "adopt rules to provide for the

dismissal of causes of action that have no basis in law or fact

on motion and without evidence." TEX. GOV'T CODE § 22.004(g) (West

Supp. 2015).  In response, the Texas Supreme Court adopted in

2013 Texas Civil Rule 91a governing dismissal of baseless causes

of action, which provides in its 91a.1 subpart as follows:

     [A] party may move to dismiss a cause of action on the
     grounds that it has no basis in law or fact.  A cause
     of action has no basis in law if the allegations, taken
     as true, together with inferences reasonably drawn from
     them, do not entitle the claimant to the relief sought.

4

A cause of action has no basis in fact if no reasonable
person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1 (West Supp. 2015).

Thus, Texas now has a failure-to-state-a-claim rule that is
substantially the same as the federal rule that is predicated on
the requirements of Rule 8(a)(2) of the Federal Rules of Civil
Procedure, as that rule was interpreted and applied by the
Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554
(2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Though Texas
appellate courts have not held that the pleading standard
necessary to avoid dismissal under state Rule 91a and federal
Rule 12(b)(6) are identical, they have interpreted Rule 91a as
requiring a federal Rule 12(b)(6)-type analysis and have relied
on federal case law in applying Rule 91a. See Drake v. Walker,
No. 05-14-00355-CV, 2015 WL 2160565, at *2-3 (Tex. App.-Dallas
May 8, 2015, no pet.)(mem. op., not designated for publication);
Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.-Houston [14th
Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d
752, 754-55 (Tex. App.-Beaumont 2014, pet. denied).

This court recognized the effect of the new Texas Rule 91a
in Bart Turner & Associates v. Krenke when, while applying the
Texas pleading standard, the court noted that the allegations of
the pleading now must be examined "in the context of Rule 91a."

No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31,

2014). In Sazy v. Depuy Spine, LLC, the court said with reference

to the new Texas Rule 91a that "[t]his new rule now allows a

state court to do what a federal court is allowed to do under

Federal Rule of Civil Procedure 12(b)(6)." No. 3:13-CV-4379-L,

2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); see also

Linron Props., Ltd. v. Wausau Underwriters Ins. Co., No. 3:15-CV-

00293-B, 2015 WL 3755071, at *2-3 (N.D. Tex. June 16, 2015)

(using Federal Rules 12(b)(6) and 8(a)(2) to interpret Texas Rule

91a as it applies to Texas pleading standards in an improper

joinder case); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-

A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014).

Now that the Texas pleading standard has, essentially, been

brought into line with the federal standard, the court is making

its ruling on the basis of the case law applicable to the federal

standard. Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable federal standard of

pleading. It requires that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to

relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant

fair notice of what the claim is and the grounds upon which it

rests." Twombly, 550 U.S. at 555 (internal quotation marks and

ellipsis omitted). Although a complaint need not contain

6

detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3.  Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. Id. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

C.   Plaintiff's Complaint Fails to Survive a Rule 12(b)(6)-Type Analysis as to Claims Against Payne

The instant action is but another of a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in

7

a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court.[1]

Plaintiff argues that it asserted a claim against Payne for violations of the Texas Insurance Code and DTPA. Doc.[2] 15 at 5-7. Those allegations against Payne are mere conclusory allegations that lack the factual specificity that would enable to court to infer that plaintiff has a plausible right to relief against Payne.

Plaintiff's allegations against Payne are related to the investigation and estimation of damages. The complaint makes clear that plaintiff's claims arise out of an alleged breach by the insurer of its duty and the insurer's denial of the claim. See, e.g., Doc. 15, Ex. A at App. 006 & App. 008-009, . Plaintiff has not alleged any damages caused by Payne individually. See

---

[1] Examples of cases in which the courts ruled that the improper joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999); Fernandez v. Allstate Fire and Casualty Ins. Co., No. 3:15-CV-2689, 2015 WL 6736675 at *4 (N.D. Tex. Nov. 4, 2015); Plascencia, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Okenkpu v. Allstate Tex. Lloyds, No. H-11-2376, 2012 WL 1038679 (S.D. Tex. Mar. 27, 2012). The court does not meant to suggest that there are not court decisions that have held that there was no improper joinder in similar situations. Examples of opinions holding that the joinder was not improper are cited in Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., No. 4:09-CV-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009).

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-944-A.

DeCluette v. State Farm Lloyds, No. 3:12-CV-4449-B, 2013 WL
607320, at *4 (N.D. Tex. Feb. 19, 2013); Dougherty v. State Farm
Lloyds, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 n.1 (N.D. Tex.
Aug. 30, 2001). Nor has it alleged any actions outside the scope
of Payne's employment. In fact, prior to alleging any facts or
claims, plaintiff's complaint includes a section on agency and
respondeat superior. Doc. 15, Ex. A at App. 003. This section
states "[w]henever in this petition it is alleged that Defendants
did any act or thing, it is meant that Defendants themselves or
their agents, officers, servants, employees, or representatives
did such a thing. It was also done with the full authorization or
ratification of Defendants or done in the normal routine, course
and scope of agency or employment of Defendants or their agents,
officers, servants, employees, or representatives." Doc. 15, Ex.
A at App. 003.

While it is true that plaintiff's complaint includes what
appear to be factual allegations related to Payne, a close
analysis discloses that they are nothing more than mere
conclusions. No facts are alleged that would plausibly lead to
the conclusion that plaintiff suffered any damage by reason of
the conduct of Payne, bearing in mind that ultimately Acceptance,
not Payne, was responsible for insurance coverage.

For the foregoing reasons, the court has concluded from its Rule 12(b)(6)-type analysis that plaintiff's pleading fails to state a claim against Payne, and that there is no reasonable basis for the court to predict that plaintiff might be able to recover against Payne.

D.   Conclusion

For the reasons given above, the court has decided that plaintiff's motion to remand should be denied and that plaintiff's purported claims or causes of action against Payne should be dismissed because of failure of plaintiff's pleading to state a claim upon which relief can be granted.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims or causes of action asserted by plaintiff against Payne be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward
Allstate is the only defendant in this action and that the style
of this action shall be "Satishhai Patel d/b/a Caravan Inn LLC,
plaintiff, v. Acceptance Indemnity Insurance Company, defendant."

SIGNED January 28, 2016.

JOHN McBRYDE
United States District Judge

11